

*FILED*

APR 2 1 2011

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:07-CR-20627 |
| Plaintiff, | HON. MARIANNE O. BATTANI |
| -vs- | **OFFENSES:** 18 U.S.C. §§ 1343, 1348, 1349 (Conspiracy: Wire Fraud and Securities Fraud) |
| D-13 GREGG M.S. BERGER, | |
| | **MAXIMUM PENALTY:** 25 years |
| Defendant. | **MAXIMUM FINE:** $ 250,000 or Twice Gross Gain or Loss |
| _____/ | |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant GREGG BERGER and the government agree as follows:

1. **GUILTY PLEA**

    **A.    Count of Conviction**

    Defendant will enter a plea of guilty to **Count One** of the Superseding Indictment, which charges conspiracy to commit wire fraud and securities fraud, in violation of 18 U.S.C. Sections 1343, 1348, and 1349.

    **B.    Elements of Offense**

    The elements of Count One are: The defendant, with one or more persons,

entered into the unlawful agreement charged in the Superseding Indictment to violate the following offenses: (a) 18 U.S.C. § 1343, wire fraud, the elements of which are: (I) the defendant knowingly participated in a scheme to defraud in order to obtain money or property; (ii) the scheme included a material misrepresentation or concealment of a material fact; (iii) the defendant had the intent to defraud; and (iv) the defendant used or caused another to use wire communications in interstate commerce in furtherance of the scheme; and (b) 18 U.S.C. § 1348, securities fraud, the elements of which are: (I) that there was a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises, in connection with any security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 or that is required to file reports under Section 15(d) of the Securities Exchange Act of 1934; and (ii) that the defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

**C.**     **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

From in or about January 2005 until in or about December 2007, defendant GREGG M.S. BERGER ("defendant") knowingly and willingly entered into an unlawful agreement with FRANCIS A. ("FRANKIE") TRIBBLE, HOW WAI JOHN

HUI, ALAN M. RALSKY, SCOTT K. BRADLEY, and others to create and execute a fraudulent stock "pump-and-dump" market manipulation scheme. The scheme used spam emails to lure investors into purchasing the stocks though advertisements claiming non-existent Initial Public Offerings ("IPOs") and acquisitions, presenting unrealistic pictures of the companies' business prospects, exaggerated share price projections, and false and misleading disclaimers that hid the defendants' identities and their involvement in paying for the emails. The stocks at issue were very low value "penny stocks" in which very little trading was occurring, including China World Trade Corporation (CWTD), Pingchuan Pharmaceutical, Inc. (PGCN), China Digital Media Corporation (CDGT), World Wide Biotech and Pharmaceutical Co. (WWBP), China Mobility Solutions (CHMS), and m-Wise (MWIS), all of which were securities registered under Section 12 of the Securities Exchange Act of 1934 and required to file reports under Section 15(d) of the Securities Exchange Act of 1934.

During this time, the defendant, who was employed at Gilford Securities, New York, New York, served as the stock broker for the fraudulent scheme. In that capacity, the defendant:

- established brokerage accounts at Gilford Securities in the names of various Chinese individuals and holding companies that were in fact controlled by co-defendant JOHN HUI, and other unindicted coconspirators, so that large blocks of shares could be deposited and traded;

- executed trades from these accounts on the order of the stock promoter, co-defendant FRANCIS A. TRIBBLE, rather than at the direction of the true account holders, in violation of Gilford's policies;

- transferred funds constituting the proceeds of those trades to the account holders' bank accounts; and,

- routinely disclosed confidential account information without obtaining written authorization of the account holders (as required by Gilford's policies), including trading amounts, prices, cash balances, and amounts of outgoing wire transfers to TRIBBLE, and co-defendant spammer SCOTT BRADLEY, and to other persons involved in the scheme who were not entitled to such information, so that the spammers could keep track of the amount of money owed to them from the proceeds of the stock sales;

Defendant committed the acts described above while knowing that codefendants ALAN RALSKY, FRANCIS TRIBBLE, and JOHN HUI were promoting the stocks that he was selling, through the use of spam e-mail messages that were misleading because they did not disclose their roles in promoting the stocks and did not disclose that the owners of large blocks of the stocks were paying for the promotion of the stock in order to create demand that would allow them to sell their shares.

Between on or about January 2005 and December 2007, the defendant caused the sale of approximately 30 million shares of stock, generating

- 4 -

approximately $30 million for the scheme and over $600,000 in commissions for himself. During this time the defendant knew that the stock sales he executed were timed to take advantage of the increased volume of trading and increased price caused by the unlawful spamming campaign, so that his coconspirators would be able to sell their stock at the highest price possible, leaving purchasers with stock that would decline in value once the spamming campaign had ended. During this time frame, the defendant, who was located in New York, communicated by telephone, email and instant messaging with BRADLEY, who was located in the Eastern District of Michigan, and with TRIBBLE by telephone, who was located in the Central District of California, on an almost daily basis to discuss the trading activity in the brokerage accounts controlled by the conspirators. The defendant was aware that interstate wire communications were used to further the fraudulent scheme.

2.    **SENTENCING GUIDELINES**

     A.    **Standard of Proof**

     The Court will find sentencing factors by a preponderance of the evidence.

     B.    **Agreed Guideline Range**

     There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **41 - 51 months**, as set forth on the attached worksheets. If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **41 - 51 months**, the higher guideline range becomes the agreed range.   However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

3.   SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing

- 6 -

so must consider the sentencing guideline range.

### A.    Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

### B.    Supervised Release

A term of supervised release follows the term of imprisonment. There is no agreement on supervised release.  In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **five  years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.    Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D.    Fine

There is no agreement as to a fine.

### E.    Restitution

The Court shall order restitution to every identifiable victim of defendant's offense and all other relevant conduct.  The amount of restitution, if any, shall be determined by the Court.

- 7 -

F.    Forfeiture

As part of this agreement, pursuant to 18 U.S.C. § 982(b), defendant agrees to forfeit his interest in ($ 600,000) ("Subject Currency"), which constitutes property, or property traceable to gross proceeds, obtained from violations of Title 18, United States Code, Sections 1349 and 1343 as set forth in this Agreement.

In entering into this agreement with respect to forfeiture, defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Currency as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

With respect to the Subject Currency, defendant agrees to the entry of one or more orders of forfeiture of his interests in such property upon application by the United States at, or any time before, his sentencing in this case.

In entering into this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledges that he understands that the

forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

**4.**   **COOPERATION**

The Defendant has not provided any information that could be considered substantial assistance to the government as of the date of this agreement. If the defendant should provide assistance of any kind prior to the date of sentencing, the government will bring it to the attention of the Court and will determine whether or not it constitutes substantial assistance for purposed of U.S.S.G. § 5K1.1.

**5.**   **OTHER CHARGES**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case

**6.**   **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his

- 9 -

guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

7.    WAIVER OF APPEAL

Defendant waives any right he may have to appeal his conviction.  If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

8.    CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing his to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any

claim that they were filed after the limitations period expired.

9.     PARTIES TO PLEA AGREEMENT

    Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and the Criminal Division of the U.S. Department of Justice.

10.     SCOPE OF PLEA AGREEMENT

    This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

    Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

    This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United

States or any other part..

11.   ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the

Office of the United States Attorney by **11:30 A.M. on April 21, 2011**. The

government reserves the right to modify or revoke this offer at any time before

defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

ROSS I. MACKENZIE
ASSISTANT UNITED STATES ATTORNEY
CHIEF, COMPLEX CRIMES UNIT

TERRENCE BERG
ASSISTANT UNITED STATES ATTORNEY

THOMAS DUKES
TRIAL ATTORNEY
COMPUTER CRIME AND INTELLECTUAL
PROPERTY SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

DATE: ~~MARCH~~ APRIL 21, 2011

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ)
THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO
ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND
REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE
OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS

- 12 -

ANSWERED BY HIS LAWYER.

MARK SATAWA
ATTORNEY FOR DEFENDANT

GREGG BERGER
DEFENDANT

DATE:  21 Apr 2011

| Defendant: | GREGG M.S. BERGER | Count: | One |
|---|---|---|---|
| Docket No.: | 2:07-cr-20627 | Statute(s): | 18 U.S.C. §§ 1349, 1348(1), 1343 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.  BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(1) | Base offense level | 7 |
| 2B1.1(b)(1)(H) | Loss of more than $400,000 | 14 |
| 2B1.1(b)(2)(A)(ii) | Offense was committed through mass-marketing | 2 |
| 2B1.1(b)(17)(A)(ii) | Offense involved securities law violation and defendant was broker | 4 |
|  |  |  |

## 2.  ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.2(b) | Minor participant | -2 |
|  |  |  |
|  |  |  |
|  |  |  |

## 3.  ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**25**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ✓

\* Δ reserves right to contest loss and at sentencing

Rev.  8/2010

| Defendant: | GREGG M.S. BERGER | Count: | One |
|---|---|---|---|
| Docket No.: | 2:07-cr-20627 | Statute(s): | 18 U.S.C. §§ 1349, 1348(1), 1343 |

# WORKSHEET B   (Multiple Counts)

## Instructions  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE**: COUNT(S)  _____
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO**: COUNT(S)  _____
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE**: COUNT(S)  _____
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR**: COUNT(S)  _____
   ADJUSTED OFFENSE LEVEL

5. **TOTAL UNITS**

6. **INCREASE IN OFFENSE LEVEL**

   | 1 unit ➔ no increase | 2 1/2 - 3 units ➔ add 3 levels |
   |---|---|
   | 1 1/2 units ➔ add 1 level | 3 1/2 - 5 units ➔ add 4 levels |
   | 2 units ➔ add 2 levels | > 5 levels ➔ add 5 levels |

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

Rev. 8/2010

| ...ndant: | GREGG M.S. BERGER | Count: | One |
|---|---|---|---|
| Docket No.: | 2:07-cr-20627 | Statute(s): | 18 U.S.C. §§ 1349, 1348(1), 1343 |

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.    PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):     **3 POINTS**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (c)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):     **2 POINTS**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):     **1 POINT**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\**   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(c) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

| Defendant: | GREGG M.S. BERGER | Count: | One |
|---|---|---|---|
| Docket No.: | 2:07-cr-20627 | Statute(s): | 18 U.S.C. §§ 1349, 1348(1), 1343 |

**(WORKSHEET C, p. 2)**

## 2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

## 3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

## 4. TOTAL CRIMINAL HISTORY POINTS

Enter the sum of the criminal history points entered in Items 1-4.

## 5. CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

I

| Defendant: | GREGG M.S. BERGER | Count: | One |
|---|---|---|---|
| Docket No.: | 2:07-cr-20627 | Statute(s): | 18 U.S.C. §§ 1349, 1348(1), 1343 |

# WORKSHEET D   (Guideline Range)

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level
entered in Item 8 of Worksheet B.

> 25

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

> -3

**3.   TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 22

**4.   CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category
entered in Item 6 of Worksheet C.

> I

**5.   CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER
CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

a.   Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision
(U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender
provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in
Item 3, enter the higher offense level total.

b.   Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal
provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a
criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal
history category.

**6.   GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a
and the criminal history category entered in Item 4 or 5.b.

> 41-51
> months

**7.   STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered
in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the
sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

> months

| Defendant: | GREGG M.S. BERGER | Count: | One |
|---|---|---|---|
| Docket No.: | 2:07-cr-20627 | Statute(s): | 18 U.S.C. §§ 1349, 1348(1), 1343 |

# WORKSHEET E   (Authorized Guideline Sentences)

## 1.   PROBATION (U.S.S.G. ch. 5, pt. B)

     a.   Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

[✓]   1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]   2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

    3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

     b.   Length of Term of Probation  (U.S.S.G. § 5B1.2)

[ ]   1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

    2.   No more than 3 years (total offense level < 6).

     c.   Conditions of Probation  (U.S.S.G. § 5B1.3)

       The court must impose certain conditions of probation and may impose other conditions of probation.

## 2.   SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))

[✓]   a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]   b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

## 3.   IMPRISONMENT (U.S.S.G. ch. 5, pt. C)

     A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

Rev. 8/2010

| Defendant: | GREGG M.S. BERGER | Count: | One |
|---|---|---|---|
| Docket No.: | 2:07-cr-20627 | Statute(s): | 18 U.S.C. §§ 1349, 1348(1), 1343 |

**(WORKSHEET E, p. 2)**

## 4.   SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)

a.   <u>Imposition of a Term of Supervised Release</u>  (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.   <u>Length of Term of Supervised Release</u>  (U.S.S.G. § 5D1.2)

- [✓] 1.   At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

- [ ] 2.   At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

- [ ] 3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

- [ ] 4.   The statute of conviction requires a minimum term of supervised release of ___ months.

c.   <u>Conditions of Supervised Release</u>  (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5.   RESTITUTION (U.S.S.G. § 5E1.1)

- [✓] 1.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

- [ ] 2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $ ___.

- [ ] 3.   The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $ ___.  (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

- [ ] 4.   The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $ ___.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

- [ ] 5.   Restitution is not applicable.

Rev. 8/2010

| Defendant: | GREGG M.S. BERGER | Count: | One |
|---|---|---|---|
| Docket No.: | 2:07-cr-20627 | Statute(s): | 18 U.S.C. §§ 1349, 1348(1), 1343 |

**(WORKSHEET E, p. 3)**

## 6.  FINE  (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| <u>Minimum Fine</u> | <u>Maximum Fine</u> |
|---|---|
| $7,500 | $75,000 |

## 7.  SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

$100.00 for every count charging a felony ($400 for a corporation)
$ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
$ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
$  5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $__ .

## 8.  FORFEITURE (U.S.S.G. § 5E1.4)

[✓]  Assets of the defendant will be forfeited.     [ ]  Assets of the defendant will not be forfeited.

## 9.  ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

## 10.  UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____